UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENNIS T.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C19-5500 RAJ

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of his applications for supplemental security income and disability insurance benefits. Plaintiff contends the Administrative Law Judge ("ALJ") erred by (1) failing to fully accept any of the medical opinions in the record, and therefore basing the physical limitations of Plaintiff's residual functional capacity ("RFC") on the ALJ's own lay medical opinions, and (2) rejecting the opinions of examining doctor Jai Ghandi, M.D. Pl. Op. Br. (Dkt. 10) at 1. As discussed below, the Court **AFFIRMS** the final decision of the Commissioner of Social Security ("Commissioner") and **DISMISSES** this case with prejudice.

## BACKGROUND

Plaintiff is 43 years old, has a master's degree, and has worked as a case manager,

and customer service relations analyst, among other things. *See* Admin. Record ("AR") 39, 47-48, 78. Plaintiff applied for disability insurance benefits on January 23, 2016, and supplemental security income benefits on July 20, 2016, alleging disability as of July 24, 2014. AR 78, 95, 213-14, 217-23. Plaintiff later amended the alleged onset date to November 15, 2015. AR 47. Plaintiff's applications were denied initially and on reconsideration. AR 77-121. After the ALJ conducted a hearing on November 16, 2017, the ALJ issued a decision finding Plaintiff not disabled. AR 15-24.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since November 15, 2015, the amended alleged onset date.

**Step two:** Plaintiff has the following severe impairments: Degenerative disc disease, status post-surgery; lumbar post-laminectomy syndrome with stenosis and radiculopathy; degenerative joint disease of the hips, right greater than left and reportedly status post-replacement after Plaintiff's date last insured; and obesity.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**RFC:** Plaintiff can perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with additional limitations. He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs. He can occasionally balance, stoop, kneel, crouch, and crawl. He can have occasional exposure to vibrations and hazards such as heights and machinery.

**Step four:** Plaintiff is capable of performing past relevant work as a telephone solicitor. This work does not require the performance of work-related activities precluded by Plaintiff's RFC.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

**Step five:** Plaintiff is capable of performing other jobs existing in significant numbers in the national economy, such as document preparer, bench hand, and food and beverage order clerk. Plaintiff is therefore not disabled.

AR 15-24. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954, 957 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir.

## A. The ALJ Did Not Harmfully Err in Formulating the Physical RFC

Plaintiff argues the ALJ did not fully accept any of the medical opinions in the record, and therefore erred by basing the physical portions of Plaintiff's RFC on the ALJ's own lay medical opinions. Pl. Op. Br. at 2-3. Plaintiff bears the burden of showing harmful error, and he has failed to meet that burden. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error).

Plaintiff first asserts the ALJ erred in rejecting the opinions of Donald Baumer, ARNP. *Id.* But Plaintiff has made almost no substantive arguments on this issue. Mr. Baumer responded to a series of written questions from Plaintiff's counsel. *See* AR 777-78. Mr. Baumer opined that Plaintiff would have needed to recline for one hour a day in 2014, and three hours a day in 2017. AR 778. Mr. Baumer opined that Plaintiff would miss three or more days of work per month due to acute-to-chronic exacerbations of his pain, which require one to three recovery days and occur as many as four times a month. *Id.* The ALJ gave Mr. Baumer's opinions little weight. AR 22. The ALJ reasoned that the opinions "lack[ed] adequate explanation or citation to objective evidence." *Id.* The ALJ further reasoned that Mr. Baumer was not an acceptable medical source, and his opinions were inconsistent with those of Drew Stevick, M.D.,[3] who reviewed most of the

---

[3] The ALJ did not refer to Dr. Stevick by name, but instead referred to "DDS," an

record. *Id.*

Plaintiff has not challenged the ALJ's first reason for rejecting Mr. Baumer's opinions, but has instead simply argued that the ALJ was "incorrect" in finding that Mr. Baumer's opinions were inconsistent with those of Dr. Stevick. *See* Pl. Op. Br. at 3. It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work by framing the argument and putting flesh on its bones through a discussion of the applicable law and facts. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, the ALJ reasonably found Dr. Stevick's opinions inconsistent with Mr. Baumer's opinions. *See* AR 22. Implicit in Dr. Stevick's opinions is that Plaintiff's absenteeism and productivity due to his impairments would be no greater than that tolerated in competitive employment, which is inconsistent with Mr. Baumer's opinions those issues. *See* AR 102-04, 116-18. Plaintiff has thus failed to show that the ALJ erred in rejecting Mr. Baumer's opinions on this basis.

Plaintiff has further failed to show that any error in rejecting Mr. Baumer's opinions as inconsistent with Dr. Stevick's opinions was harmful. The ALJ gave another reason for rejecting Mr. Baumer's opinions—that they lacked adequate explanation or citation to objective evidence—and Plaintiff has made no argument showing that this

---

abbreviation sometimes used for providers who review a claimant's records as part of the Social Security Administration's initial review and reconsideration. Dr. Stevick was the only doctor who opined as to Plaintiff's physical capacities as part of these reviews, so the Court infers this is who the ALJ was referring to. *See* AR 78-121. Charlie Bennett, the single decision maker who conducted the initial review of Plaintiff's claim, also opined as to Plaintiff's physical capacities. *See* AR 78-91. But per the Program Operations Manual System ("POMS"), DI 24510.050C, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510050, this is not opinion evidence.

reason was erroneous. Where an ALJ gives erroneous and non-erroneous reasons for rejecting evidence, the ALJ's "error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina*, 674 F.3d at 1115 (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). Plaintiff has not shown that the ALJ's rejection of Mr. Baumer's opinions as inadequately explained or supported was erroneous, and has thus not shown harmful error.

Plaintiff next argues the ALJ did not fully accept the only other medical opinion in the record regarding Plaintiff's physical limitations—that of Dr. Stevick—so the ALJ must have substituted his own medical opinion in formulating the RFC. Plaintiff's argument fails for two reasons. First, the ALJ's RFC is more restrictive than that of Dr. Stevick, yet the ALJ still identified jobs Plaintiff could perform considering those limitations. *See* AR 19, 21-23. Thus, any error was inconsequential to the disability determination, and therefore harmless. *See Molina*, 675 F.3d at 1115.

Second, the ALJ is not required to accept in full any medical opinions to formulate the RFC. He must instead consider all of the evidence, which includes medical opinions, but also includes treatment records, the claimant's testimony, lay witness statements, and other non-medical considerations, such as the claimant's daily activities. *See* 20 C.F.R. § 404.1545(a)(3); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996) (stating that the "RFC assessment must be based on *all* of the relevant evidence in the case record, such as: [m]edical history,

[m]edical signs and laboratory findings, . . . [r]eports of daily activities, [l]ay evidence, [r]ecorded observations, [and] [m]edical source statements"). The ALJ must then translate all of this evidence into a succinct RFC. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). The RFC is not a purely medical determination, and thus the ALJ did not harmfully err in formulating an RFC based on the sum of the evidence rather than a particular medical opinion.

**B.     The ALJ Did Not Harmfully Err in Rejecting Dr. Ghandi's Opinions**

Plaintiff argues the ALJ erred in rejecting the opinions of examining psychiatrist Dr. Ghandi. Pl. Op. Br. at 4. An ALJ may rejected the contradicted[4] opinions of an examining doctor by providing "specific and legitimate reasons" supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (citing *Andrews*, 53 F.3d at 1043). The ALJ met this standard.

Dr. Ghandi examined Plaintiff on May 14, 2016. *See* AR 557-63. Dr. Ghandi reviewed Plaintiff's medical records, conducted a clinical interview, and performed a mental status examination. *See id.* Based on this information, Dr. Ghandi opined that Plaintiff was impaired in his ability to perform simple and repetitive, or complex and detailed tasks. AR 561. Dr. Ghandi opined that Plaintiff was impaired in his ability to maintain pace, maintain attendance, interact with the public and coworkers, and adapt to

---

[4] Dr. Ghandi's opinions were contradicted by the opinions of consulting doctors Jan Lewis, Ph.D., and Diane Fligstein, Ph.D. *See* AR 87-89, 100-01.

normal workplace stress due to the level of pain he was experiencing. AR 562.

The ALJ gave Dr. Ghandi's opinions little weight. AR 21. The ALJ reasoned that Dr. Ghandi's opinions were based on Plaintiff's pain complaints, but "in this case [Plaintiff's] pain is directly related to a physical impairment and not a mental health impairment and thus is not adequate grounds upon which to limit [Plaintiff's] mental function." *Id.* The ALJ also reasoned that Dr. Ghandi's opinions were inconsistent with Plaintiff's presentation on examination, which showed normal functioning. *Id.*

The ALJ's first reason for rejecting Dr. Ghandi's opinions fails, but the second reason withstands scrutiny. Physical impairments causing pain can affect a claimant's mental functioning, regardless of whether a mental diagnosis exists. *Cf.* 20 C.F.R. § 404.1545(a)(1) ("Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite your limitations."). The ALJ erred in drawing an arbitrary line between physical and mental limitations.

The ALJ did not err in rejecting Dr. Ghandi's opinions as inconsistent with his examination of Plaintiff. An ALJ may discount a doctor's opinions when they are inconsistent with or unsupported by the doctor's own clinical findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). As the ALJ noted, Plaintiff's mental status exam produced almost entirely normal results, including good performance in orientation, memory, fund of knowledge, concentration, abstract thinking, insight, and judgment. *See* AR 21, 560-61.

Because the ALJ reasonably rejected Dr. Ghandi's opinions as inconsistent with his examination, the ALJ's error in rejecting Dr. Ghandi's opinions based on a delineation between physical and mental limitations due to pain was harmless. *See Molina*, 674 F.3d at 1115.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 8th day of January, 2020.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge